After consideration of the assignments of error by defendant, the briefs and oral arguments of the parties and taking judicial notice of all prior orders of the Industrial Commission filed herein as well as various official Industrial Commission forms filed herein, the Full Commission AFFIRMS and ADOPTS the following portion of the 29 May 1997 Order of Commissioner Bolch:
 In reviewing the Commission's file in this matter the undersigned [Commissioner Bolch] came to the realization that his Orders of 25 March 1997 and 16 November 1995 were in error and should be vacated as being improvidently entered. The Order of 16 November 1995 granted Defendant's Motion to Dismiss Plaintiff's claim on the ground that Plaintiff had failed to prosecute the claim for more than one year after it was removed from the active hearing docket on 1 June 1994. The Order of 25 March 1997 denied Plaintiff's Motion to Set Aside the Order of Dismissal.
 A careful review of the Commission's file reveals that the file was first created when Plaintiff filed a Form 18 with the Commission on 21 July 1993 concerning an alleged disability that began in March of 1993. Thus the filing of the claim was timely. Thereafter, on 4 January 1994 Plaintiff's former counsel, Dallas Pounds, filed a Form 33 Request for Hearing. When the matter became scheduled for hearing, before former Deputy Commissioner Scott M. Taylor, Dallas Pounds wrote on 20 May 1994 asking for a continuance, stating that he and the attorney for the defendants agreed that, at that time, the case was not ready for hearing.
 In an Order filed 1 June 1994, former Deputy Commissioner Taylor wrote as follows: "In view of the foregoing, IT IS ORDERED that plaintiff's claim is hereby REMOVED from the Whiteville docket, and the request for hearing shall be treated as though it were WITHDRAWN. Should a dispute arise hereafter which is not resolved by the parties, either party may request a hearing by the submission of a new Industrial Commission Form 33 setting forth the new dispute." Thus, no time limit was set within which either party could again invoke a hearing by filling a Form 33. Plaintiff's subsequent attorney, C. Christopher Smith, filed such a Form 33 on 14 August 1995. It was therefore error on my [Bolch] part to dismiss the claim on 16 November 1995 on the ground that Plaintiff failed to prosecute the claim for more than one year after it was removed from the active hearing docket on 1 June 1994.
 All of this must be considered against the backdrop that Dallas Pounds withdrew as plaintiff's attorney on 9 January 1995, C. Christopher Smith has filed a motion to withdraw and Martin J. Horn has been added as counsel for plaintiff and the Commission had a very large case backlog at the Deputy Commissioner level which resulted in cases not being docketed, tried or decided in a timely manner. I am happy to say that the hearing backlog no longer exists.
Accordingly, it is ORDERED:
 1. C. Christopher Smith's Motion to withdraw as counsel for plaintiff is ALLOWED.
 2. The undersigned's Orders of 25 March 1997 and 16 November 1995 are hereby VACATED.
This 29th of May, 1997.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
The Full Commission further concludes that
1. The Industrial Commission has the inherent power to set aside a former judgment. Hogan v. Cone Mills, 315 N.C. 127,337 S.E.2d 477 (1985).
2. Since the Order of former Deputy Commissioner Scott Taylor specifically treated the Request for Hearing (Form 33) as "withdrawn", rule 613(3) is inapplicable.
The Full Commission therefore enters the following:
 ORDER
1. The 25 March 1997 and 16 November 1995 orders entered by Commissioner Bolch are VACATED.
2. The Order by Commissioner Bolch entered herein on 29 May 1997 is AFFIRMED.
3. Defendants shall pay the costs.
4. This case is REMANDED to the deputy commissioner level for a hearing.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________ CHRISTOPHER SCOTT COMMISSIONER